1  Mark L. Eisenhut, State Bar No. 185039
   Meisenhut@calljensen.com
2  Scott P. Shaw, State Bar No. 223592
   Sshaw@calljensen.com
3  CALL, JENSEN & FERRELL
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel.: (949) 717-3000
   Fax: (949) 717-3100
6

7  Attorneys for Defendant Macy's Retail Holdings, Inc.
8  erroneously sued herein as Macy's, Inc.

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  UNITED FABRICS INTERNATIONAL, INC., a California Corporation, | Case No.  CV08-01085 CPS (AJWx) |
| 14 | |
| 15         Plaintiff, | **DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |
| 16         vs. | |
| 17  C&J WEAR, INC., a California Corporation, individually and doing business as "JUSTIFIED"; S-TWELVE, a Business Entity of Form Unknown; WEAR WELL KNIT CORPORATION, a Tennessee Corporation; IMAGE OF BEVERLY HILLS LLC., a California Limited Liability Company; SKU TRADING, INC., a California Corporation; MODU WEAR, INC., a California Corporation; MACY'S. INC., an Ohio Corporation; CHARLOTTE RUSSE, INC., a California Corporation; TJ MAXX OF CA, LLC, a Massachusetts Limited Liability Company; SHIVANIL, INC., a New York Corporation, individually and doing business as "ANTILIA FEMME", a New York Corporation; ARB, INC., a New York Corporation; LUCKY KIM | |
| 18 | |
| 19 | **Date:    August 17, 2009**<br>**Time:    1:30 p.m.**<br>**Crtrm:  10C** |
| 20 | |
| 21 | |
| 22 | Complaint Filed:   February 15, 2008<br>Trial Date:            September 8, 2009 |
| 23 | |
| 24 | Final Pre-trial Conference<br>Date:       August 24, 2009 |
| 25 | Time:       11:00 a.m.<br>Courtroom:  9 |
| 26 | |
| 27 | |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

28

MAC08-02:527863_6:8-3-09                    - 1 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1  INTERNATIONAL, INC., a California
   Corporation; GROOVE THEORY, a
2  Business Entity of Form Unknown, and and
   DOES 1 through 10,
3

4              Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAC08-02:527863_6:8-3-09                                    - 2 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION. ...............................................................................1

II.   STATEMENT OF FACTS. ..................................................................6

    A.   Macy's Purchased Garments from ARB and Sold Them To
        Customers At Retail. .................................................................6

    B.   ARB Purchased Fabric For The Garments Bearing The Jung
        Woo Design From Lucky Kim International ("Lucky Kim")
        Which Originated From Jung Woo Textiles in Korea. ................7

    C.   UFI's Claims of Registered Copyright Are Contradictory. ..........8

    D.   UFI Demands that Macy's and ARB Cease and Desist from
        Selling the Garments. ...............................................................10

III.  LEGAL DISCUSSION...........................................................................11

    A.   Plaintiff's Burden On Summary Judgment Is Very High. ...........11

    B.   The Evidence Reveals That The Jung Woo Design Was
        Created Independently Prior To The Plaintiff's Alleged
        Creation Date..........................................................................12

    C.   UFI does not have standing to sue because it has not
        complied with the Copyright Act. .............................................13

        1.   UFI does not own a valid single work copyright
            registration.....................................................................13

        2.   UFI has not complied with the deposit requirements. .......14

    D.   UFI's Copyright Registration Is Invalid.....................................16

        1.   UFI's alleged assignment of rights from Contromoda
            is invalid. .......................................................................16

        2.   Even if the Assignment Were Valid, UFI Submitted a
            False Copyright Application. ............................................17

    E.   UFI Has Not Presented Any Evidence Of Copyright
        Infringement By Macy's. ..........................................................18

        1.   UFI has not argued that Macy's had access to the
            Copyrighted Work and has not produced sufficient
            evidence of access by ARB and Lucky Kim. ....................18

CALL, JENSEN
& FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

2.    The design appearing on the Macy's garment is not "substantially similar" to UFI's alleged Copyrighted Work. .................................................................21

3.    Any Copying of the Plaintiff's Copyrighted Work is only de minimis and non-actionable. ..................................................23

F.    Macy's Has Not Committed Willful Copyright Infringement. ..................................................................24

IV.    CONCLUSION. ..................................................................25

**CALL, JENSEN &**
**FERRELL**
**A PROFESSIONAL**
**CORPORATION**

MAC08-02:527863_6:8-3-09

- 2 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Apple Computer,  Inc. v. Microsoft Corp.*, 35 F.3d 1435 ..................................................22

*Cavalier v. Random House*, 297 F.3d 815 .........................................................................21

*Coles v. Wonder*, 283 F.3d 798.............................................................................................4

*Columbia Pictures Television v. Krypton Broadcasting*
    *of Birmingham, Inc.*, 106 F.3d 284 ..........................................................................24

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 ........................................................................24

*E. Mishan & Sons, Inc. v. Marycana, Inc.*, 662 F.Supp. 1339 .................................14, 15

*Entertainment Research Group, Inc. v. Genesis Creative*
    *Group, Inc.*, 122 F.3d 1211 .....................................................................................12

*Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718 .........................................12

*International Korwin Corp. v. Kowalczyk*, 855 F.2d 375 ...............................................24

*Jason v. Fonda*, 698 F.2d 966.............................................................................................18

*Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199 .......................................................13

*Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, 1989 WL 117704 ............................16

*Knowledgeplex, Inc. v. Placebase, Inc.*, 2008 WL 5245484, at 9 .................................14

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209..............................................4, 14, 15

*Konigsberg International Inc. v. Rice*, 16 F.3d 355 .......................................................17

*Lipton v. Nature Co.*, 71 F.3d 464 ...................................................................................24

*Loree Rodkin Management Corp. v. Ross-Simons, Inc.*,
    315 F.Supp.2d 1053...................................................................................................16

*Marobie-Fl, Inc. v. National Associate of Fire Equipment*
    *Distribution & Northwest Nexus, Inc.*, 983 F.Supp. 1167 ......................................24

*Morris v. Business Concepts, Inc.*, 259 F.3d 65 ............................................................13

*Motta v. Samuel Weiser, Inc.*, 768 F.2d 481..................................................................16

*Narell v. Freeman*, 872 F.2d 907......................................................................11, 21

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

*Newton v. Diamond*, 388 F.3d 1189 ...................................................................23

*Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 ...................................24

*Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 ..........................................................12

*Selle v. Gibb*, 741 F.2d 896...........................................................................18

*Sid and Marty Krofft Television Productions, Inc.*

    *v. McDonald's Corp.*, 562 F.2d 1157 ..........................................................18

*Smith v. Jackson*, 84 F.3d 1213 ...............................................................18, 21

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 ....................................... 12, 18, 19, 22

*Torres-Negron v. J & N Records, LLC*, 504 F.3d 151 ...............................................4

*Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327 ...........................11, 21

*United States v. Diebold, Inc.*, 369 U.S. 654 ...................................................11

**FEDERAL STATUTES**

37 C.F.R. § 202.20..........................................................................................14

37 C.F.R. § 202.3 ....................................................................................2, 13

17 U.S.C. § 101 ...........................................................................................13

17 U.S.C. § 103 .....................................................................................17, 23

17 U.S.C. § 106A ..........................................................................................18

17 U.S.C. § 201 ...........................................................................................13

17 U.S.C. § 204 ...........................................................................................16

17 U.S.C. § 408(b) ........................................................................................14

17 U.S.C. § 409 .....................................................................................15, 18

17 U.S.C. § 411 .....................................................................................1, 4, 15

17 U.S.C. 501 ...........................................................................................16

17 U.S.C. §506 ...........................................................................................3

Fed. R. Civ. Pro. 56 ....................................................................................11

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff United Fabrics International, Inc. ("UFI" or "Plaintiff") alleges Macy's and others infringed a copyrighted design that UFI purports to own, and that Macy's did so willfully.  Nothing could be further from the truth.  As explained further, below, this case is a sham and should be dismissed immediately.  Macy's legitimately acquired garments from a reputable vendor (A.R.B., Inc. or "ARB"), which acquired its fabric from a reputable supplier (Lucky Kim International, Inc. or "Lucky Kim"), which acquired the fabric *design* rights from Jung Woo, a textile mill in Korea that had been selling the fabric design at issue long before UFI's design was allegedly acquired and/or created.

The Court will surely find many reasons for denying UFI's Motion for Summary Adjudication ("Motion") against Macy's.  As an initial matter, Macy's has submitted evidence and testimony demonstrating that the design (*i.e.,* fabric pattern) appearing on the alleged infringing Macy's garments (referred to herein as the **"Jung Woo Design"**) originated from a Korean textile mill called Jung Woo.  The Jung Woo textile mill has also supplied evidence that the **Jung Woo Design** was created and shipped in 2005— prior to the alleged creation of Plaintiff's **Copyrighted Work** in 2006.  The inquiry for purposes of summary adjudication should end here, because a jury is entitled to weigh and consider this evidence.  Still, the undisputed facts and evidence in this case reveal that *UFI has far worse concerns.*

First, UFI's copyright registration is invalid as a matter of law, and this Court should dismiss *sua sponte* for lack of subject matter jurisdiction.  It is well-established that a plaintiff does not have standing to sue for a copyright infringement claim without a valid copyright registration.  17 U.S.C. § 411(a).  Here, UFI alleges in its Complaint, the Second Amended Complaint, in discovery, and again in its Motion, that its *alleged* copyrighted **"Subject Design"** at issue consists of overlapping floral medallions, which was *allegedly* included in the August 2006 copyright registration. (Complaint, ¶¶ 27-28,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                    - 1 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Exs. 5 & 6; Second Amended Complaint, ¶ 24–25, Exs. 4 & 5; Motion at 4:14-21, Exs. 2 & 11).  Indeed, UFI relies on an August 2006 Certificate of Registration as support for that claim. (Motion, 4:19, Ex. 3).  However, what can only be considered as case-shattering testimony:  *UFI admitted*, through its "person most knowledgeable" and "head designer," Michael Miranda, *that UFI did not even create the "Subject Design" until at least 2007*—a year after UFI's copyright registration. (Declaration of Scott Shaw ("Shaw Decl."), Ex. B, Miranda Depo. at 49:14-52:11, 54:17-56:11).  Thus, the August 2006 copyright registration cannot possibly be a valid registration for the **Subject Design**, which was not actually created until 2007.  Notably, UFI failed to include as evidence in support of its Motion a certified copy (or any copy for that matter) of the designs it submitted to the United States Copyright Office in August 2006.

According to the August 2006 copyright registration, identified by registration number VAu 714-548, it consists of a collection of ten designs that are apparently registered as a single work under 37 C.F.R. § 202.3(b)(3) (collectively **"Copyrighted Work"**).[1]  UFI's Complaint and Motion identify the **Subject Design** as the design (of the ten designs) that was infringed.  However, given the above undisputed timeline, UFI's "persons most knowledgeable" predictably admitted they had no idea which of the ten designs had been infringed (because none had). (Shaw Decl., Ex. B, Miranda Depo. at 32:18–34:14, 48:14–50:19).

Second, UFI *allegedly* created the **Subject Design** based on source artwork that it apparently purchased from a third-party Italian art studio named Contromoda.

---

[1] UFI is admittedly claiming infringement of its alleged entire Copyrighted Work (Shaw Decl., Ex. A, Simantob Depo. at 96:7-13); however, as discussed below, UFI's copyright registration is invalid because there is no evidence showing that the ten designs were actually published in a "single unit of publication" or that they "share the same copyright claimant." 37 C.F.R. § 202.3(b)(3)(i)(A). To the contrary, the evidence reveals that UFI separately and individually published the ten designs. (Shaw Decl., Ex. A, Simantob Depo. at 66:24-69:2, 154:1-156:9) Further, some of the designs may be owned or claimed by third parties, but that is unknown without proper evidence from UFI.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                              - 2 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

However, UFI has not provided any evidence that Contromoda was the creator of the artwork (Shaw Decl., Ex. B, Miranda Depo. at 15:2-13, 16:4-12, 26:7-12, 32:8-11), nor has it presented evidence of an unbroken chain of title leading to UFI.  What UFI has submitted is an alleged contract between Contromoda and UFI; but the contract is not signed by a Contromoda representative—rather, it is signed by someone named Sergio Giacomel, who is not, and never has been, an employee of Contromoda.  (Motion, Ex. 1; Shaw Decl., Exh. B, Miranda Depo. at 9:6-19, 9:13-25, 20:7-15, 21:7-12).  Further, there is no evidence that Mr. Giacomel is an authorized agent of Contromoda.  Interestingly, UFI admits it never even communicated directly with Contromoda when it purportedly obtained an assignment from Contromoda. (Shaw Decl., Ex. B, Miranda Depo at 9:6-25, 16:4-12, 25:25-26:5, 26:7-12, 32:8-11).  Moreover, UFI did not receive a business card from Mr. Giacomel; UFI does not know Mr. Giacomel's job title; and UFI has never contacted anyone at Contromoda directly to inquire whether Mr. Giacomel had authorization to act on its behalf. (Shaw Decl., Ex B, Miranda Depo at 15:2-13,  16:4-12, 20:10-21:12, 26:7-12, 32:8-11).   By contrast, Macy's presents evidence herewith showing that the design on its garments (the **"Jung Woo Design"**) was independently created in Korea as early as 2005—prior to the design allegedly created by Contromoda in 2006.  (*See* Declarations of Sun Kuk Kim ("Kim Decl.") ¶¶ 1–11, JR Won ("Won Decl.") ¶¶ 1–20, and King Lee ("Lee Decl.") ¶¶ 1–3).  Thus, if there has been any improper copying, it is more likely that UFI or some third-party copied the pre-existing Korean overlay design.[2]

Third, if Contromoda or an unknown assignor did create the source artwork underlying the August 2006 registration as UFI claims, then UFI's copyright registration is invalid because UFI falsely certified in its registration, under penalty of

---

[2] Mr. Miranda testified that it was not possible for the Korean design to exist prior to the **Subject Design**, because according to him, he was the first one to create the overlay of circles over circles. (Shaw Decl., Ex. B, Miranda Depo. at 16:4-17:23, 48:14-20). Unfortunately, we now know that Mr. Miranda's testimony is inconsistent, because the UFI overlay **Subject Design** was not created until 2007, which is after Lucky Kim sampled and ordered fabric bearing the **Jung Woo Design** with the overlay.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

perjury (per 17 U.S.C. §506(e)) that UFI itself authored the work.  In section 2a of the registration, UFI falsely identifies itself as the author.  (Motion, Ex. 3).  In section 6 of the registration, UFI failed to disclose that anything it may have done to the work was a derivative of the original work acquired from Contromoda. (Motion, Ex. 3).  Materially false certifications in a copyright registration render the registration invalid. 17 U.S.C. § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made **in accordance with this title**." (emphasis added)); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 160 (1st Cir. 2007); *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002).  There is no evidence that Contromoda or any other person ever registered the artwork purportedly assigned to UFI.  To the extent the materials deposited with UFI's copyright application contain modifications of the source artwork, they should have been identified as derivatives.  To the extent UFI contends it has actually registered the source artwork that was assigned to it, it has committed fraud on the Copyright Office by falsely identifying itself as the author.  Therefore, this Court should dismiss UFI's claims against Macy's *sua sponte* for want of subject matter jurisdiction.

Fourth, UFI has not come close to presenting sufficient evidence to support a claim for copyright infringement against Macy's.  To support a claim for copyright infringement, a plaintiff is required to prove ownership and copying.  As discussed above, UFI has not shown that it is the owner of all exclusive rights to the **Subject Design** or the **Copyrighted Work**.  Additionally, to prove copying, UFI would have to come forward with evidence showing that Macy's had access to UFI's **Copyrighted Work**.  However, UFI never "published" its entire **Copyrighted Work**, so UFI cannot claim that Macy's had access as a matter of law.  UFI's Motion does not even argue that Macy's had access.  Rather, UFI assumes that Macy's had access to the **Subject Design** within the collective **Copyrighted Work**, because Macy's purchased a garment from its vendor ARB.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                    - 4 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Even if the 2007 **Subject Design** was included with the 2006 **Copyrighted Work**—which is literally impossible—UFI's speculative assumptions are not *evidence* of direct access by Macy's.  There is absolutely no evidence that any of the Defendants—let alone Macy's—actually viewed or had an opportunity to view the **Copyrighted Work** or the **Subject Design**.  And, UFI's Motion does not seek summary adjudication of its claims for contributory or vicarious copyright infringement against Macy's.  Therefore, to support its current claim against Macy's in the Motion, UFI would have had to at least produce *some evidence* that Macy's had access to the **Copyrighted Work**.  Based on the facts and evidence in the Motion, however, there is not a scintilla of evidence to support an allegation that Macy's had access to UFI's **Copyrighted Work** or the **Subject Design**.  Finally, as explained further below, even if UFI could identify a particular design that was included as part of the collective **Copyrighted Work** in 2006, the **Jung Woo Design** is not "substantially similar" to the **Subject Design**.

Fifth, UFI has not submitted any evidence to show that Macy's committed willful copyright infringement.  Macy's is a large retailer with many garment vendors, and it receives numerous cease and desist letters, mostly from the Plaintiff's firm in this case, who have filed close to one hundred fabric design copyright cases in the Central District of California over the past several years.  (Declaration of Fawn Horvath ("Horvath Decl.") ¶ 3; Shaw Decl. ¶ 7, Ex. F).[3]  Additionally, Macy's regularly receives cease-and-desist letters alleging fabric design copyright infringement from Stephen Doniger and/or Scott Burroughs.  (Horvath Decl. ¶ 3).  Many of the cease-and-desist demands are ultimately exposed as unmeritorious and/or frivolous (a disproportionate percentage of unmeritorious demands arise out of the Central District of California).  (Horvath Decl. ¶ 4).  Accordingly, Macy's does not automatically take allegedly infringing garments off its shelves upon receipt of a cease-and-desist letter.  (Horvath Decl. ¶ 4).

---

[3] It is "interesting" and potentially concerning to this Court that no other jurisdiction appears to have experienced the same explosion of fabric design copyright litigation.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                                    - 5 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Instead, Macy's promptly notifies the appropriate vendor(s) of the notice, and asks the vendor to determine whether there is any validity to the cease-and-desist demand. (Horvath Decl. ¶ 4). Macy's relies on is vendors to confirm the copyright and licensing status of all aspects of garments before selling them to Macy's, and to sell to Macy's only those garments that the vendor has the legal right to sell. (Horvath Decl. ¶ 4). Further, as we recently discovered, the design attached to the cease-and-desist letter is not the same one as the **Subject Design** in this case. (Horvath Decl. ¶ 5, Ex. A; *cf* Motion, Exs. 2 & 7).

For the reasons set forth herein, and further explained below, Macy's respectfully requests that the Court deny the Plaintiff's Motion, and then dismiss the case for lack of subject matter jurisdiction.

## II.   STATEMENT OF FACTS.

### A.   Macy's Purchased Garments from ARB and Sold Them To Customers At Retail.

Macy's operates over 800 stores in approximately 45 states, and its total sales in 2008 were more than $24 billion. (Horvath Decl. ¶ 2). As such, Macy's regularly conducts business with thousands of vendors every year. (Horvath Decl. ¶ 2).

Macy's relies on its vendors to confirm the copyright and licensing status of all aspects of garments before selling them to Macy's, and to sell to Macy's only those garments that the vendor has the legal right to sell. (Horvath Decl. ¶ 4). In this case, Macy's purchased the garments bearing the **Jung Woo Design** from ARB, and sold them in its retail stores. (Horvath Decl. ¶ 5).

Plaintiff claims to have purchased one of these garments at a Macy's store in July 2007. (Motion, Ex. 5). Based on this purchase, Plaintiff sent Macy's a letter demanding that Macy's cease and desist from selling the garments. (Horvath Decl. ¶ 5, Ex. A; Motion, Ex. 7). Upon receipt of Plaintiff's letter, Macy's promptly tendered the letter to ARB (Horvath Decl. ¶ 5). ARB did not request Macy's to remove the garments

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                         - 6 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

from its stores.  (Horvath Decl. ¶ 5; Shaw Decl., Ex. C,  Martini Depo. at 40:22-41:9, 45:10-14).  Based on its interactions with ARB, Macy's believed that continuing to sell the garments to its retail customers did not infringe any copyright belonging to Plaintiff.  (Horvath Decl. ¶ 5).

**B.**   **ARB Purchased Fabric For The Garments Bearing The Jung Woo Design From Lucky Kim International ("Lucky Kim") Which Originated From Jung Woo Textiles in Korea.**

ARB purchased fabric bearing the **Jung Woo Design** from Lucky Kim, and converted it into garments.  Contrary to UFI's speculative allegations, UFI did not have access to the **Subject Design**; rather, ARB saw the **Jung Woo Design** on Lucky Kim's line and then selected it for sampling.  (Shaw Decl., Ex. C, Martini Depo. at 56:24-57:3, 58:3-6, 62:6-25, 93:22-95:19).  Accordingly, ARB did not sample the **Subject Design** from UFI or provide Lucky Kim a design from UFI and request that Lucky Kim produce it.  (Shaw Decl., Ex. C, Martini Depo. at 80:18-22, 93:22-95:19).  Further, UFI admits that it possesses no evidence that ARB had access to the **Subject Design**.  (Shaw Decl., Ex. A, Simantob Depo. at 32:21-33:9, 39:15-42:4, 144:2-8, 147:19-151:4).  ARB confirmed with Lucky Kim that the **Jung Woo Design** was okay to use, and ARB understood that the **Jung Woo Design** was created by Lucky Kim.  (Shaw Decl., Ex. C, Martini Depo. at 59:6-12, 60:16-61:3, 63:18-64:12, 95:15-96:13).

Lucky Kim did not actually create the **Jung Woo Design**, but it did obtain the **Jung Woo Design** through its fabric converter, J.R. Textiles.[4]  (Kim Decl. ¶ 7, Ex. B; Won Decl. ¶ 14, Ex. E; Shaw Decl., Ex. D, Kim Depo. at 34:19–36:4).  Sometime between late 2005 and early 2006, J.R. Textiles provided Lucky Kim with a sample of the **Jung Woo Design**.  (Won Decl. ¶ 7; Shaw Decl., Ex. D, Kim Depo. at 34:19-35:23, 37:20-38:1, 39:25-40:9, 144:7-14).  In 2007, J.R. Textiles purchased fabric bearing the

---

[4] A fabric converter is essentially a broker.

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

**Jung Woo Design** from a Korean textile mill called Jungwoo Textiles, which had assigned that particular design the number 14511. (Won Decl. ¶¶ 8-15, Ex. F; Kim Decl. ¶¶ 5-7, Ex. B).  In 2007, Lucky Kim placed three separate fabric orders with J.R. Textiles for design 14511:  1,594 yards in February 2007; 9,850 yards in April 2007; and 4,540 yards in June 2007. (Won Decl. ¶ 14; Kim Decl. ¶ 7; Shaw Decl., Ex. D, Kim Depo. at 144:7-11).  J.R. Textiles placed the orders with Jungwoo Textiles and arranged for shipment to Lucky Kim via the Port of Los Angeles. (Won Decl. ¶¶ 14–16).  Lucky Kim placed a fourth order for design 14511 in March 2008 in the amount of 4,540 yards, which J.R. Textiles ordered from Jungwoo Textiles and had shipped to Lucky Kim via the Port of Los Angeles. (Won Decl. ¶¶ 17–19; Kim Decl. ¶¶ 8-10).

At no time did J.R. Textiles, Lucky Kim, ARB, or Macy's receive any samples of the design on the garments at issue that originated with UFI.  (Won Decl. ¶ 20; Kim Decl. ¶ 11; Shaw Decl., Ex. C, Martini Depo. at 80:15-22, 93:22-95:19; Horvath Decl. ¶ 5).  Rather, Macy's merely chose garments from ARB's line.  ARB then ordered the fabric necessary to fill the order from Lucky Kim and Lucky Kim, through its agent, J.R. Textiles, ordered the fabric from Jungwoo Textiles.

## C.    UFI's Claims of Registered Copyright Are Contradictory.

UFI contends that on March 20, 2006, it purchased the rights to original artwork from an Italian art studio called Contromoda.  (Motion, Ex. 1).  However, the alleged transfer was not signed by a duly authorized agent of Contromoda.  (Motion, Ex. 1; Shaw Decl., Ex. B, Miranda Depo. at 9:17-19, 20:10-21:12, 25:25-26:5).  Instead, it was signed by a person named Sergio Giacomel. (Motion, Ex. 1).  Mr. Giacomel was never an employee of Contromoda, and there is no evidence in the record that Mr. Giacomel was in fact an "authorized" agent of Contromoda. (Shaw Decl., Ex. A, Simantob Depo. at 133:19-21; Shaw Decl., Ex. B, Miranda Depo at 8:12–9:25, 20:10-21:12).  UFI has done nothing to confirm with Contromoda as to whether Giacomel has authorization to act on its behalf.  (Shaw Decl., Ex B., Miranda Depo at 20:10-21:12).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                    - 8 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1  Further, not only has Macy's presented evidence showing that the design
2  allegedly created by Contromoda was created in Korea in 2005 prior to the alleged
3  creation date by Contromoda in 2006, but the record also reveals that UFI's allegations
4  do not hold water as a matter of fact for at least three additional reasons.

5  <u>First</u>, UFI claims that its head designer, Michael Miranda, modified the artwork
6  from Contromoda to produce the **Subject Design**, but Mr. Miranda testified he did not
7  do so until 2007 or 2008—after the issuance of the Copyright Registration Certificate.
8  (Shaw Decl., Ex. B, Miranda Depo at 49:14–50:23, 51:19–52:1; Shaw Decl., Ex. A,
9  Simantob Depo. at 152:11-17 (incorrectly stating that the Subject Design was
10  "published" in 2006)).  The source artwork did not include an overlay design; Mr.
11  Miranda testified that he was the first to create the overlay design (*i.e.,* **Subject Design**)
12  at issue in this case and that it was actually registered in 2007. (Shaw Decl, Ex. B,
13  Miranda Depo at 16:17-17:16, 48:14-20, 54:17–56:11).[5]

14  <u>Second</u>, Ms. Kim testified at her deposition that the **Jung Woo Design** was
15  shown to her by Sylvia Won of JR Textiles prior to Spring 2006 when she showed the
16  Jung Woo Design to ARB, which is prior to UFI's alleged creation date.  (Shaw Decl.,
17  Ex. D, Kim Depo. at 34:19-38:2, 40:1-13, 144:7-14).  Because Lucky Kim shows fabric
18  designs to its clients a year before they expect the orders to be made, Ms. Kim provided
19  a header with the **Jung Woo Design** to Gail Martini of ARB in early 2006.  (Shaw
20  Decl., Ex. D, Kim Depo. at 40:1-13).  Designs on clothing to be sold in spring 2007
21  were shown in spring 2006.  (Shaw Decl, Ex. D, Kim Depo. at 38:11-16, 144:7-14).
22  Mr. Miranda similarly testified that UFI, like Lucky Kim, typically shows its designs to
23  customers a year ahead because the European art studios are projecting what will be
24  popular for the following year.  (Shaw Decl, Ex. B, Miranda Depo. at 40:25-42:14).
25  ARB made its first order of the fabric bearing the **Jung Woo Design** from Lucky Kim

26

27  [5] In all pleadings, UFI has consistently alleged that it seeks recovery for infringement of
28  this overlay design. (See Complaint, ¶¶ 27–28, Exs. 5-6; Second Amended Complaint, ¶¶ 24–25, Exs. 4-5; Motion, Ex. 2; Plt's First Set of Interrogatories, Definitions ¶ 6).

in February of 2007.  (Shaw Decl, Ex. D, Kim Depo. at 40:12-20).  The garments bearing the **Jung Woo Design** were available for sale at Macy's by at least July of 2007 when Mr. Miranda purchased the garment at issue from Macy's.  (*See* Motion, Ex. 5). Therefore, even if the overlay pattern/**Subject Design** *was* part of the August 2006 **Copyrighted Work**,[6] none of the designs included in the **Copyrighted Work** pre-dated the Jung Woo Design.  In other words, the evidence shows that the **Jung Woo Design** was independently created.    In short, Ms. Kim and Mr. Miranda's testimony demonstrate that Lucky Kim "published" the **Jung Woo Design** prior to UFI's registration of the **Copyrighted Work**.

Third, UFI expressly acknowledges to having "published" the individual designs separately, rather than as a complete work, even though the Copyright Registration Certificate identifies a collection of works, rather than a group registration. (*See* Motion, Ex. 3; Shaw Decl., Ex. A, Simantob Depo. 66:24–69:2, 154:1-156:9).   In particular, UFI claims that it publishes the individual designs as fabric samples on "headers." (Shaw Decl., Ex. A, Simantob Depo. 66:24–69:2).  UFI has not submitted any evidence showing that the **Copyrighted Work** registered as "2006 Ethnic Collection X" is published anywhere in its entirety.

### D.   UFI Demands that Macy's and ARB Cease and Desist from Selling the Garments.

On August 2, 2007, Macy's received a letter from counsel for UFI that claimed the garments at issue infringed its copyright. (Horvath Decl. ¶ 5, Ex. A).  The letter included as attachments pictures of the garments and a color copy of a floral design circumscribed within a circle within a square.  (Horvath Decl. ¶ 5, Ex. A).  The letter

---

[6] At UFI's deposition, even after UFI's counsel whispered in Mr. Simantob's ear on the record and failed to disclose the conversation, neither witness could confirm whether the Subject Design was actually included with the Copyrighted Work. (Shaw Decl., Ex. A., Simantob Depo. at 88:9-24, 92:25-93:24, 96:7-13, 101:2-102:4, 105:10-106:1, 111:3-11, 116:22-118:4; Shaw Decl., Ex. A., Miranda Depo. at 50:12-19).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

MAC08-02:527863_6:8-3-09                - 10 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

alleged that the attached design was registered as Copyright No. VAu 714-548. (Horvath Decl. ¶ 5, Ex. A).  The letter did not, however, include the **Subject Design**. (Horvath Decl. ¶ 5, Ex. A; *cf* Motion, Exs. 2 & 11).  Further, the letter did not provide any evidence certifying that the attached design had, in fact, been deposited with the Copyright Office.  Instead, the letter attached only a copy of a circular floral design circumscribed in a square which appears similar to the source artwork—not the **Subject Design**.  (Horvath Decl. ¶ 5, Ex. A).

After receiving this letter, Macy's in-house counsel, Fawn Horvath, compared the design alleged to be copyright-protected with the design on the garments in question and, based on her experience, concluded that the elements contained in the design are very common. (Horvath Decl. ¶ 6).  However, the two designs displayed significant differences, including different geometric shapes, different color schemes, and differences in the pattern's overall shape (*e.g.,* the overlaying circular designs on the garment were not circumscribed within a square).  Macy's nevertheless notified its vendor, ARB, of the demand letter. (Horvath, Decl. ¶ 5).  ARB apparently shared Macy's view and did not believe the **Jung Woo Design** infringed the **Subject Design**, and did not request Macy's to stop selling its garments.  (Horvath Decl. ¶ 5).  Thus, Macy's continued selling the garments under the belief that UFI's demand was unmeritorious. (Horvath Decl. ¶ 5).

## III.  LEGAL DISCUSSION.

### A.   Plaintiff's Burden On Summary Judgment Is Very High.

Summary adjudication is not proper when a genuine issue as to any material fact exists.  FED. R. CIV. PRO. 56(c).  The *Plaintiff's* burden on summary judgment or summary adjudication is very stringent.  In determining whether an issue is genuine, the inferences to be drawn must be viewed in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Moreover, summary judgment is not highly favored on questions of substantial similarity in

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

copyright infringement actions. *Narell v. Freeman*, 872 F.2d 907, 909 (9th Cir. 1989). Where reasonable minds could differ on the issue of substantial similarity, summary judgment is improper. *Twentieth Century-Fox Film Corp. v. MCA*, Inc., 715 F.2d 1327, 1329-30 (9th Cir. 1983) (reversing a grant of summary judgment because reasonable minds could differ regarding substantial similarity); *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1322 fn.5 (9th Cir. 1986) (The prima facie case of copyright ownership only applies to the "facts stated in the certificate."); *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("[A]n infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.").

UFI has not come close to meeting its burden.  In fact, Macy's has exposed UFI's spurious allegations, and Macy's urges the Court to immediately dismiss this case for lack of subject matter jurisdiction, because UFI lacks standing.   UFI submitted an inexcusably deficient application for copyright and, to make matters worse, now attempts to sue for infringement of a design it has admitted *under oath* was not even created when the invalid registration was submitted.

### B.   The Evidence Reveals That The Jung Woo Design Was Created Independently Prior To The Plaintiff's Alleged Creation Date.

To prevail on an independent creation argument, the defendant only needs to demonstrate that the **Jung Woo Design** was created without reference to the alleged copyrighted design.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 1976); *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976). Proof of independent creation is not an affirmative defense for which the defendant has the burden; rather, it rebuts the plaintiff's prima facie case. *Three Boys Music Corp.*, 212 F.3d at 486.  The record here proves that the **Jung Woo Design** was created in Korea without reference to the **Subject Design** or the design/artwork acquired from Contromoda.  Further, the record reveals that the **Subject Design** was not created until

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                - 12 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

2007, which means, not only that UFI cannot maintain this action based on a 2006 copyright registration, but also that the garments would necessarily have already been in production when UFI claims to have created the **Subject Design**.  Nothing more needs to be argued – this evidence alone creates a genuine issue of fact for the jury.

### C.   UFI does not have standing to sue because it has not complied with the Copyright Act.

#### 1.   UFI does not own a valid single work copyright registration.

The Copyright Act permits two types of copyright registrations:  (1) a group registration; and (2) a single work registration.  *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203-206 (3d Cir. 2005).   Group registrations only apply to certain enumerated types of works, which are not at issue here.  37 C.F.R. § 202.3(b)(4)-(9) ("automated databases," "related serials," "daily newspapers," "contributions to periodicals," "daily newsletters," and "published photographs").   Accordingly, the single work registration analysis applies in this case.  *See Taylor Gifts, Inc.*, 421 F.3d at 204-205.   A collective work may be registered as a single copyrighted work if the requirements are met that the work is "published"[7] as a single collective unit and the copyright claimant is the same for all designs in the collection.   *See* 37 C.F.R. § 202.3(b)(4)(i); *see also Taylor Gifts, Inc.*, 421 F.3d at 205.   Moreover, the owner of a copyright to a collective work "is presumed to have acquired only the privilege of reproducing and distributing the contribution *as part of that particular collective work*" or a revision or later series. 17 U.S.C. § 201(c) (emphasis added).

UFI has admitted to "publishing" the individual designs separately and not as a collection.   (Shaw Decl., Ex. A, Simantob Depo. 66:24-69:2, 154:1-156:9).   These

---

[7] The Copyright Act defines "publication" as the "distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies ... to a group of persons for purposes of further distribution, public performance, or public display."  17 U.S.C. § 101.

CALL, JENSEN & FERRELL A PROFESSIONAL CORPORATION

MAC08-02:527863_6:8-3-09

- 13 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1   actions result in an invalid division of the copyright, because the separate and individual
2   designs are not part of a true "collection," and they are statutorily required to be
3   registered separately.  *See Morris v. Business Concepts, Inc.*, 259 F.3d 65, 69 (2d Cir.
4   2001) (stating that "what may be divided are the various *rights* (such as publication,
5   distribution, and reproduction) that make up a copyright, *but not the copyright itself*").
6   Stated differently, an owner of a "collection" may divide the rights to publish,
7   distribute, and/or reproduce, and allow others to license or exercise these rights;
8   however, *the owner is not entitled to divide the collection itself*.[8]  Dividing the entire
9   collection defeats the purpose of the collective work, and potentially acts as a fraud on
10  the Copyright Office.   The owner cannot circumvent the statutory requirements by
11  grouping a number of different individual works in a single work registration, and then
12  simultaneously publish and distribute the individual works separately.[9]  Here, UFI's
13  **Subject Design** was never included or published as part of its alleged **Copyrighted**
14  **Work**, which renders UFI's infringement claim unenforceable at this time.[10]

15

16          **2.      UFI has not complied with the deposit requirements.**

17          Although UFI would like to ignore the deposit requirement, it unfortunately lacks
18  standing to sue unless the requirements of Section 408 are met, including the deposit
19  requirement.  The Copyright Act requires that a complete copy of the work be deposited
20  with the application.   *See* 17 U.S.C. § 408(b)(1); *see also* 37 C.F.R. § 202.20(b)
21  (discussing definition of a complete copy).   UFI has not provided any proof that it

22  ───────────────────
    [8] Presumably, an owner can divide the collection, so long as the owner then seeks
23  separate and individual protection of the various designs.
    [9] It is true that an infringement of any one design in a collection is actionable; however,
24  that principle does not allow the collection to be separated and the designs to be
    published individually.  In cases where a collection is published as such, a defendant
25  can infringe upon any one of the collective works by separately copying only a portion
    of the collection, but that is not the case here.
26  [10] Of course, UFI is always free to register its Subject Design independently at any time
    and then initiate a new copyright infringement lawsuit if it so desires, but on the record
27  presented in this case it has no right to pursue a copyright action.  *See Kodadek*, 152
    F.3d at 1211-1212 (9th Cir. 1998).  ("Copyright registration is not a prerequisite to a
28  valid copyright, but it is a prerequisite to a suit based on a copyright.")

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09          - 14 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

complied with the Copyright Act, so it does not have standing to sue or seek damages or attorneys' fees. *See E. Mishan & Sons, Inc. v. Marycana, Inc.,* 662 F. Supp. 1339, 1346 (S.D.N.Y. 1987) (explaining that a plaintiff has standing "only to vindicate infringement of its work *deposited with* the registration") (emphasis added); *Knowledgeplex, Inc. v. Placebase, Inc.,* 2008 WL 5245484, at *9 (N.D. Cal., Dec. 17, 2008) ("A key purpose of the deposit requirement is to prevent confusion about which work the author is attempting to register."); *See Kodadek*, 152 F.3d at 1211-1212. ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright.")[11]

UFI testified that its alleged **Subject Design** was not created or deposited with the Copyright Office until 2007, so the *alleged* **Copyrighted Work** could not have included a deposit of the **Subject Design**.  However, even if UFI attempts a "one-eighty" and changes its story in its Reply brief,[12] the Court still cannot find any infringement because it is unable to compare the Macy's garment to the deposited materials of the **Copyrighted Work** or **Subject Design**. *See E. Mishan & Sons, Inc.*, 662 F. Supp. at 1346 (explaining that, for purposes of infringement, the court should compare the allegedly infringing design with the plaintiff's design that was deposited with the Copyright Office, rather than with another version of the design that the defendant may have seen.).

Further, to the extent that UFI attempts a "three-sixty" and tries to argue that Macy's has infringed UFI's non-existent copyrights to the basic design it purchased from Contromoda as source artwork, its argument will be entirely without merit. *First,* UFI has never claimed that the source artwork was ever registered.  Without a valid

---

[11] Additionally, the instructions on the VA Form provide: "An application for copyright registration _must be_ accompanied by a deposit consisting of copies representing the entire work for which registration is to be made. (*See* Shaw Decl., Ex. E).

[12] The Court should be very skeptical if UFI changes its story in the Reply brief, because UFI's counsel has stated that it is ready and prepared to go to trial on the facts and evidence presented.  The Complaint, the Second Amended Complaint, and the Exhibits to the Motion all identify the **Subject Design** as the allegedly infringed overlay pattern.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

MAC08-02:527863_6:8-3-09                - 15 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1   registration, UFI has no standing to sue for infringement of the source artwork. 17

2   U.S.C. § 411.  *Second,* if UFI attempts to argue that the August 2006 registration was

3   intended to register the source artwork, it has committed fraud on the Copyright Office

4   by identifying itself as the author, in direct violation of 17 U.S.C. § 409(5), which

5   provides that a copyright claimant who is not the author must state how it obtained

6   ownership of the copyright.[13]   Here, UFI's copyright application did not show any

7   transfer of copyright ownership, and therefore cannot be considered a registration of the

8   assigned artwork.  (Motion, Ex. 3)  Based on the invalid copyright registration, UFI is

9   not entitled to bring this lawsuit, because a valid "certificate of copyright registration

10  from the Copyright Office is a prerequisite to bringing a copyright infringement claim."

11  *Loree Rodkin Management Corp. v. Ross-Simons, Inc.*, 315 F.Supp.2d 1053, 1055 (C.D.

12  Cal. 2004).

14        **D.      UFI's Copyright Registration Is Invalid.**

15              **1.      UFI's alleged assignment of rights from Contromoda is invalid.**

16        Only "[t]he legal or beneficial owner of an exclusive right under a copyright is

17  entitled…to institute an action for any infringement of that particular right committed

18  while he or she is the owner of it."  17 U.S.C. 501(b).  If the plaintiff is not the author of

19  the Copyrighted Work, he must "establish a proprietary right through the chain of title

20  in order to support a valid claim to the copyright."  *Motta v. Samuel Weiser, Inc.*, 768

21  F.2d 481, 484 (1st Cir. 1985).  Further, the Copyright Act expressly requires that any

22

23  [13] In *Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, 1989 WL 117704 (S.D.N.Y.), the
    court invalidated a copyright based on an alleged transfer of ownership.  In *Kenbrooke*,
24  the plaintiff purchased designs based on an oral agreement, registered the copyrights for
    the designs by listing itself as the author, and then attempted to register a valid transfer
25  after observing the defendant selling designs that were allegedly similar to the design
    that plaintiff purchased.  After several unsuccessful attempts to register the transfer of
26  copyright, the Copyright Office finally registered the transfer.  However, the court
    considered the plaintiff's past improper conduct and held that by failing to properly
27  advise the Copyright Office of facts which would have caused the Copyright Office to
    reject the application, the plaintiff failed to meet its burden in proving that the transfer
28  was enforceable.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                          - 16 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

transfer of copyright ownership be "*in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.*"   17 U.S.C. § 204 ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." (emphasis added).   It is hornbook law that "[t]ransfers of exclusive rights *must* comply with section 204(a) of the Copyright Act."   *See* 1 The Law of Copyright § 4:42 (emphasis added) ("Unless the transfer is in a form that complies with the statute, the transfer 'is not valid.').[14]

Here, UFI purports to claim ownership to the source artwork through a written assignment even though the assignment was not conveyed by the author.   Rather, UFI testified that the person assigning the source artwork was *believed to be an agent* of the author, but UFI has not produced any *evidence* that the person who assigned the design was a "duly authorized agent."   (Shaw Decl., Ex. B, Miranda Depo. at 9:6–19, 20:10–21:12).   Without any evidence in the record that Mr. Giacomel was *duly* authorized by Contromoda to assign all rights to the **Subject Design**, UFI cannot maintain its action. Additionally, it is entirely unknown when Contromoda actually created the source artwork (if, in fact it even was created by Contromoda).   Based on the record in this case, it is more likely that Contromoda copied the design from a pre-existing design in Korea.

### 2.   Even if the Assignment Were Valid, UFI Submitted a False Copyright Application.

Even if UFI had produced evidence showing that Mr. Giacomel was Contromoda's authorized agent and that Contromoda had a valid copyright to transfer,

---

[14]   It is significant that section 204(a) goes to the validity of the transfer, not just to questions of admissible evidence.  *See Konigsberg Intl. Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994)

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                   - 17 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

its registration would still be invalid because it is based on a demonstrably false application.  Assume, for the sake of argument, that the **Subject Design** was included in the deposit materials for Copyright No. VAu714-548.  In its Motion, UFI admits that the **Subject Design** is based largely on the artwork purchased from Contromoda. (Motion 4:14–21).  Therefore, UFI may argue that the **Subject Design** fits the criteria of a derivative work under the Copyright Act, 17 U.S.C. § 103.  (Shaw Decl., Ex. A, Simantob Depo. at 141:4-7).  However, a derivative work must be disclosed as such on the copyright application, along with a statement of the additional material covered by the claim being registered. 17 U.S.C. § 409(9).  The Registration Certificate Plaintiff relies upon, however, does not identify any preexisting works, and lists only UFI as the author. (Motion, Ex. 3).  As it stands, the registration certificate is based on false information and actually infringes the rights of the true author as bestowed by 17 U.S.C. § 106A.  Because UFI has failed entirely to give attribution to the true author of the works upon which its alleged copyright is based, the errors in its application cannot be excused.  This Court, therefore, should dismiss all claims *sua sponte* for lack of subject matter jurisdiction.

    **E.**    <u>**UFI Has Not Presented Any Evidence Of Copyright Infringement By Macy's.**</u>

        **1.**    <u>**UFI has not argued that Macy's had access to the Copyrighted Work and has not produced sufficient evidence of access by ARB and Lucky Kim.**</u>

In the absence of direct evidence of copying, a plaintiff must show that the defendant had "access" to the plaintiff's work and that the two works are "substantially similar." *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996).  Here, UFI has not shown any direct evidence of copying, so it is required to at least make some showing of access. *See Three Boys Music Corp.*, 212 F.3d at 482 (access means a reasonable opportunity to view the work before the plaintiff's creation, but access cannot be

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09    - 18 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

inferred through mere speculation and conjecture); *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982); *see also Selle v. Gibb*, 741 F.2d 896, 901-902 (7th Cir. 1984).  *Proof* of access requires "an opportunity to view or to copy plaintiff's work."  *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977).  Reasonable access is more than a "bare possibility" of an opportunity to view or to copy plaintiff's work.  *Fonda*, 698 F.2d at 967.

Here, there is no evidence of access by Macy's.  UFI does not even allege that Macy's had access to its work, nor does it allege that Macy's reproduced UFI's alleged **Copyrighted Work** in violation of its alleged exclusive right to do so.  Apparently, UFI believes that it can establish "access" as to Macy's by merely showing that Macy's purchased garments from ARB.  While *Three Boys Music Corp.* did establish the possibility that a plaintiff may show access by circumstantial evidence, 212 F.3d at 482, the plaintiff must still show why that circumstantial evidence proves access by each allegedly infringing defendant.  Thus, in order to prove infringement by Macy's, Plaintiff must prove both that ARB had access to UFI's **Copyrighted Work** and that ARB would have shown it to Macy's.  UFI has done neither.

UFI has admitted that is does not possess any *evidence* of access by ARB or Lucky Kim.  UFI's Motion includes *allegations* of access that amount to nothing more than a "bare possibility," speculation, and conjecture.  The Motion states in conclusory fashion that ARB *was* a customer of UFI[15] at the same time the **Subject Design** was allegedly in UFI's product line. (Motion 5:18–23).  However, this assertion gives rise to no more than a "bare possibility" that ARB may have seen the Subject Design separately from the **Copyrighted Work**; although, ARB testimony contradicts UFI's theory.  (Shaw Decl., Ex. C, Martini Depo. at 58:3-6, 62:6-25, 80:18-22, 93:22-95:19)

---

[15] Another incorrect fact in UFI's Motion is that ARB is actually *still* a customer of UFI – not a prior customer.  (Shaw Decl., Ex. A, Simantob Depo. at 33:1-2, 81:21-23; Motion, Ex. 12).)

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Further, UFI has failed to produce any supporting *evidence*. UFI does not possess any records demonstrating that the **Subject Design** was shown to ARB. (Shaw Decl., Ex. A, Simantob Depo. at 32:21-33:9, 39:15-42:4, 144:2-8, 147:19-151:4). UFI has not asked its sales representative, Bernice Pushkin, an independent contractor, if she showed the **Subject Design** to ARB, has not asked ARB if they were shown the **Subject Design**, and does not have a date when the **Subject Design** was allegedly shown to ARB. (Shaw Decl., Ex. A, Simantob Depo. at 149:2-152:9). Access is vital to UFI's case, but it has not even spoken to Ms. Pushkin about this case, even though she is the person through whom ARB allegedly had access to the **Subject Design**. (Shaw Decl., Ex. A, Simantob Depo. at 150:3-5). Mr. Simantob, UFI's person most knowledgeable, does not know how its salesperson would have shown UFI's line, which may or may not have included the **Subject Design**. (Shaw Decl., Ex. A, Simantob Depo. at 155:12-23). UFI's line has over 600 fabrics that could be shown to its clients. (Shaw Decl., Ex. A, Simantob Depo. at 155:22-23). Further, UFI has over 4,000 customers and it allows its customers to make copies of its designs, so any one of these customers could have copied the **Subject Design**. (Shaw Decl., Ex. A, Simantob Depo. at 145:1-148:20).

Mr. Miranda's testimony is even more compelling for Macy's, because he testified that he knew the garments were infringing because he created the overlay pattern for the **Subject Design** and that nobody else had previously done that. (Shaw Decl., Ex. B, Miranda Depo. at 16:17-17:16, 48:14-20). However, he later testified that he created the overlay pattern in 2007 or 2008, which was after the fabric at issue in this case was printed and after the alleged infringing garments were sold at retail. (Shaw Decl., Ex. B, Miranda Depo. at 51:19-52:1). These facts alone irrefutably establish that Macy's had no access to UFI's **Copyrighted Work** or the **Subject Design**. Also, the August 2, 2007 cease-and-desist letter did not include a picture of the **Subject Design**, most likely because the overlay design was created *after* viewing Macy's garments.

1  (Horvath Decl. ¶ 5, Ex. A).  If the **Subject Design** had been created previously by UFI,

2  UFI surely would have included it with the cease-and-desist letter.

3        Finally, the evidence reveals that the **Jung Woo Design** was shown to ARB prior

4  to the alleged copyright registration date.  ARB's fabric director, Gail Martini, testified

5  that ARB saw the **Subject Design** on Lucky Kim's line, selected it, and had her

6  associate order it from Lucky Kim.  (Shaw Decl., Ex. C, Martini Depo. at 58:3-6;

7  62:20-25).  ARB did not sample the **Subject Design** from UFI.  (Shaw Decl., Ex C,

8  Martini Depo. at 80:18-22).  Martini testified that she is aware that UFI's designs have

9  copyright notices and has placed orders with ARB in the past.  (Shaw Decl., Ex C,

10  Martini Depo. at 94:4-95:4).  ARB did not give a design to Lucky Kim and ask for it to

11  be reproduced.  (Shaw Decl., Ex. C, Martini Depo. at 95:6-11).  And, UFI admits that is

12  possesses absolutely no evidence of access by Lucky Kim.  (Shaw Decl., Ex. A,

13  Simantob Depo. at 156:14-157:1).  On the other hand, Lucky Kim has testified that the

14  **Jung Woo Design** originated and was distributed from an independent source in Korea.

15

16        **2.     The design appearing on the Macy's garment is not**

17        **"substantially similar" to UFI's alleged Copyrighted Work.**

18        In the absence of any proof of access, to prevail on a copyright claim, a Plaintiff

19  is required the meet the rigorous test that the designs are "*strikingly* similar."  *Smith*, 84

20  F.3d at 1220.  Where a high degree of access has been shown, the plaintiff must show

21  that the designs are substantially similar.  *Id.* at 1218.  In the Ninth Circuit, a two-part

22  test is used to determine if the infringing work is substantially similar.  *Cavalier v.*

23  *Random House*, 297 F.3d 815, 824 (9th Cir. 2002).  The "extrinsic test" compares the

24  works for a similarity of ideas and expression based on external, objective criteria while

25  the "intrinsic test" asks if an "ordinary, reasonable observer" would find a substantial

26  similarity of expression of the shared idea.  *Smith*, 84 F.3d at 1218.  Summary judgment

27  is not favored on questions of substantial similarity.  *Narell*, 872 F.2d at 909.  Where

28  reasonable minds could differ on the issue of substantial similarity, summary judgment

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                          - 21 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1   is improper.  *Twentieth Century-Fox Film Corp.*, 715 F.2d at 1329-30 (reversing a grant
2   of summary judgment because reasonable minds could differ).

3       Here, there are no *striking* similarities between the **Copyrighted Work** and/or
4   the **Subject Design** on the one hand, and the **Jung Woo Design** on the other hand.
5   Additionally, the two works are not even "substantially similar."  As an initial matter,
6   UFI has admitted that the **Copyrighted Work** contains ten different style numbers for
7   ten separate designs.  Further, UFI testified that it does not even know which of the ten
8   designs relate to which, if any, of the various designs created from the source artwork.

9       Nevertheless, it is clear from the pleadings and Exhibits 2 and 11 to the Motion
10  that UFI is alleging substantial similarity of the **Subject Design** and the **Jung Woo
11  Design**.[16]   From only a brief review of Exhibits 2 and 11 (depicting the **Subject
12  Design**), many differences are immediately noticeable.   Just viewing the rings that
13  circle the interior flower design, one immediately notices many differences between the
14  acorn-like shapes found in the outer ring of the **Subject Design** and the shapes found in
15  the outer ring of the **Jung Woo Design** on the garment.   In the **Subject Design**, the
16  acorn-like shapes are always the focus of the observer's views while the shapes in the
17  **Jung Woo Design's** outer ring, a light-colored triangle pointing inward, a dark arrow
18  pointing outward, and a light-colored U-shape between the dark arrows, can stand out to
19  the viewer.   The contrasting, connected shapes on the **Jung Woo Design** draw the
20  viewer's eye in a way that the **Subject Design** simply cannot.   The acorn-like shape in
21  the **Subject Design** does not form any other shapes.   The next ring, moving inward, is
22  also different.   The **Subject Design** contains generic diamonds while the **Jung Woo
23  Design** contains small flowers.   The next ring, moving inward, in the **Subject Design**
24  has a solid, dark line that circles the central floral pattern while the **Jung Woo Design's**

---

25  [16] However, as already mentioned, Mr. Miranda testified that the overlay design was not
26  created until 2007 or 2008.  Therefore, the overlay design could not have been included
    in the August 23, 2006 copyright registration and Mr. Miranda testified to that fact.  It is
27  absurd that Plaintiffs are employing a design that is not included in the copyright
    registration that forms the basis for this Court's subject matter jurisdiction over this
28  litigation.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ring contains two separate lines circling the flower.   There are also numerous differences inside the rings such as the flowers on the petals and the smaller petals inside the larger petals.

Overall, without an expert opinion, UFI cannot prove substantial similarity as a matter of law.  *See Three Boys Music Corp.*, 212 F.3d at 485 (Proof of substantially similarity initially requires application of the extrinsic test where the plaintiff must identify concrete elements based on objective criteria, which often requires analytical dissection of a work and expert testimony.  If the extrinsic test is satisfied, then a jury can apply the intrinsic test.); *Apple Computer, Inc. v. Microsoft Corp*., 35 F.3d 1435, 1443 (9th Cir.1994) (A plaintiff may satisfy the extrinsic test if it first identifies elements of the two works which are similar and then demonstrates that these elements are copyrightable.).  UFI clearly has not satisfied its initial burden.  Further, even if UFI had identified the objective similarities to satisfy the extrinsic criteria, an ordinary observer would readily spot several differences, and reasonable minds could certainly conclude that the two designs are not "substantially similar."

Furthermore, assuming for the sake of argument that UFI even has standing to sue for infringement of the **Subject Design**, it may only claim protection as a derivative work because the source artwork was never registered.  Copyright in a derivative work is independent from the preexisting work and, therefore, protection extends only to the elements that are actually original. 17 U.S.C. § 103(b).  Because the source artwork indisputably included the basic floral pattern surrounded by rings with figures in it, the only original elements to UFI's alleged **Subject Design** are the shapes inside the surrounding rings. (Compare Motion, Ex. 1, with Motion, Ex. 11).  As noted above, there is no similarity between the **Jung Woo Design** and the **Subject Design** with regard to those shapes.

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

3.    **Any copying of the Plaintiff's alleged Copyrighted Work is only de minimis and non-actionable.**

De minimis copyright infringement is not actionable.  *Newton v. Diamond*, 388 F.3d 1189, 1192-93 (9th Cir. 2004) ("[E]ven where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial.")  Here, the alleged **Subject Design** is only *part of* the <u>alleged</u> entire work, which consists of ten separate designs.  In other words, the ten separate designs are grouped together as constituting one **Copyrighted Work**.  At the most, a defendant who copies one of the ten designs has infringed 1/10 of the copyright registration.  When the differences in the individual design are compared to the entire group work, the only differences are trivial.

F.    **Macy's Has Not Committed Willful Copyright Infringement.**

Copyright infringement is only considered *willful* if the accused had knowledge that his conduct constituted copyright infringement.  *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997).  It is well established that a party who reasonably believes, in good faith, that their conduct does not constitute infringement is not acting willfully.  *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).  This analysis is a factual one, which renders it inappropriate for summary adjudication.  *See, e.g.*, *Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 380 (7th Cir. 1988); *Marobie-Fl, Inc. v. National Assoc. of Fire Equipment Distribution & Northwest Nexus, Inc.*, 983 F.Supp 1167, 1179 (N.D. Ill. 1997).  Further, even after a party is accused of infringement, if the accused reasonably and in good faith believes the contrary, the party's actions are not willful.  *See Danjaq LLC v. Sony Corp.*,  263 F.3d 942, 959 (9th Cir. 2001) ("To hold that willfulness must be inferred whenever an alleged infringer uses an intellectual property in the face of disputed title would turn every copyright claim into willful infringement and would improperly discourage many legitimate, good faith transactions.").

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                                    - 24 -
DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

1   Here, Macy's has not willfully infringed a valid copyright held by UFI.  In fact,

2   Macy's believed and still does maintain that it has not committed copyright

3   infringement. (Horvath Decl. ¶ 5).  Macy's arrived at this belief after going through its

4   normal protocols, and therefore, held it reasonably and in good faith.  Furthermore, as it

5   turns out, the design attached to the cease and desist letter is not even the same one as

6   the Subject Design.  In short, it is inappropriate, especially at this stage of the litigation,

7   to hold as a matter of law that Macy's willfully infringed UFI's alleged copyright.

8

9   **IV.   CONCLUSION.**

10   It is clear that, at a minimum, there exist several genuine issues of material fact,

11   which render summary adjudication inappropriate.  In fact, the bulk of the evidence

12   shows that UFI has instituted an entirely unmeritorious lawsuit based on an invalid

13   copyright registration.  Therefore, this Court may dispose of the matter by dismissing

14   all claims for copyright infringement for lack of subject matter jurisdiction.

15

16   Dated:  August 3, 2009                 CALL, JENSEN & FERRELL
                                            A Professional Corporation
17                                          Mark L. Eisenhut
                                            Scott P. Shaw
18

19
                                            By:    /s/ Scott P. Shaw
20                                                 Scott P. Shaw

21                                          Attorneys for Defendant Macy's Retail Holdings,
                                            Inc. erroneously sued herein as Macy's, Inc.
22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MAC08-02:527863_6:8-3-09                          - 25 -

DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION