UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Denying Plaintiff's Motion for Summary Adjudication (Fld 6-22-09) and Dismissing Action

In this copyright action, plaintiff United Fabrics International, Inc. ("United") alleges, inter alia, that defendants Macy's, Inc. ("Macy's"), Lucky Kim International, Inc. ("Lucky"), and A.R.B., Inc. ("ARB") (collectively, the "Defendants") infringed – and willfully so – a copyright for visual art that United purports to own. United moves for summary adjudication under Federal Rule of Civil Procedure 56 on the issues of copyright infringement and willful infringement as to the Defendants, who oppose this motion.[1] The motion is DENIED and the case is DISMISSED, as set forth below.

I.  Legal Standard

Summary adjudication "on all or any part of the claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim, and the moving party is entitled to judgment as a matter of law on that claim. See Fed. R. Civ. P. 56(a), (c); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981). The initial burden is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

---

[1] Lucky and ARB join Macy's opposition to the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 08-1085 JVS (AJWx)                             Date   August 18, 2009

Title   United Fabrics International, Inc. v. C&J Wear, Inc., et al.

II.   Discussion

      The subject matter of this action is a visual art design attached as Exhibit 2 to United's moving papers.

      The amended complaint alleges four claims: (1) copy right infringement, (2) vicarious and contributory copyright infringement, (3) breach of contract, and (4) breach of the implied covenant of good faith and fair dealing.  (Docket No. 22.)  All claims presuppose that United has a valid copyright in the subject matter.

      United moves for summary adjudication on the following issues: (1) that it owns a valid copyright registration for the subject matter; (2) that ARB had access to the subject matter; (3) that Defendants sold infringing products; (4) that Defendants received notice of the infringement; (5) that Defendants, or at least ARB and Macy's, continued to sell infringing products after receiving notice; and (6) that Defendants, or at least ARB and Macy's, were willful in said infringement.  Defendants contend that United lacks standing and, in any event, that triable issues preclude summary adjudication on this motion.

      The Court finds that United has not met its burden to show standing in the first instance.  The Court must therefore dismiss the case for lack of standing, and deny the balance of the motion as moot.  Even if United could somehow raise a triable issue as to standing, it would preclude summary adjudication on other matters.  In any event, the motion is denied.

      As a jurisdictional issue, standing can be raised by the Court sua sponte at any time during the litigation.  Delorme v. United States, 354 F.3d 810, 815 (8th Cir.2004) (citing Fed. R. Civ. P. 12(h)(3)).[2]  A party invoking federal jurisdiction must show that it has met the requirements of both constitutional and prudential standing.  Delorme, 354 F.3d at 815 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  "The burden to show standing is not a mere pleading requirement, but rather an indispensable part of the

---

      [2]  In FW/PBS, Inc. v. City of Dallas, the Supreme Court held that "federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines."  493 U.S. 215, 231 (1990) (alteration and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
|---|---|---|---|

| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. |
|---|---|

plaintiff's case." Id. (internal quotation marks omitted).  Courts consider the standing doctrine in copyright cases no less than in other areas of law.  3 Melville B. Nimmer and David Nimmer, Nimmer on Copyright, § 12-02, at 12-55 (2005).

Defendants challenge standing on three independent grounds, two of which have merit.

    A.    Ownership of the copyright at issue

Defendants challenge United's ownership of a copyright for the subject matter.

Section 501(b) of the 1976 Copyright Act establishes that only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005) (en banc) (quoting 17 U.S.C. § 501(b)).  Thus, only parties with ownership rights in a copyright have standing to file lawsuits for its infringement.  Nimmer, § 12-02, at 12-56.

Here, United claims ownership of the subject matter through a written assignment of source artwork[3] by an agent, Sergio Giacomel, of Contromoda, an Italian art studio.  Since United is not the author of the copyrighted work, "[it] must establish a proprietary right through the chain of title in order to support a valid claim to the copyright."  Motta v. Samuel Weiser, Inc., 768 F.2d 481, 484 (1st Cir. 1985).  To be valid, a transfer of copyright ownership from Contromoda to United must be "in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204(a).  Defendants contend that there is nothing to suggest that Giacomel was Contromoda's agent, or even that Contromoda actually created the source artwork.

The Court first notes that United has submitted an assignment contract.  (Miranda Decl. ¶ 2, Ex. 1.)  The contract purports to transfer artwork attached as Schedule "A," and is signed by Giacomel "on behalf of Contromoda."  (Id.)  Although the copy of Schedule

---

    [3]   According to United, its head designer, Michael Miranda, reformatted the source artwork (Miranda Decl., Ex. 2) and then registered the subject matter on August 23, 2006 with the Copy Right Office, which assigned it U.S. Copyright No. Vau 714-548 (Simantob Decl. ¶ 3, Ex. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. | | |

"A" submitted to the Court is blank, the docket reflects the source artwork. (Docket No. 70, Ex. 1, part 2.) The problem is that this evidence lacks foundation and, therefore, is inadmissible. First, the Miranda Declaration purporting to authenticate the assignment contract is <u>unsigned</u>.[4] Second, even if the declaration were signed, Miranda does not state the basis for his personal knowledge as to the authenticity of the assignment contract. Miranda's deposition testimony does indicate that he purchased the source artwork from Giacomel. (Shaw Decl., Ex. B, at 10.) At a minimum, this raises a triable issue as to the validity of the assignment and, strictly speaking, United's evidence is inadmissible on this point.

The Court also notes that there is no evidence that Contromoda was in fact the owner of the source artwork.[5] Indeed, there is no evidence establishing transfer of ownership by the creator to Contromoda, or any alternative theory, such as a work for hire that would establish title. Without evidence that Contromoda owns the exclusive rights, Contromoda may not assign the source artwork to United.

Accordingly, the chain of title is sufficiently in doubt as to be fatal to United's standing in this case. United has not clearly established the chain of title giving it rights in the source artwork and, in turn, the subject matter that was derived from it. United therefore lacks standing.

Although this challenge comes late in the case, United had the burden from the outset to establish ownership. Its efforts to do so on this motion not only fall short, but also compel judgment in Defendants' favor.

B. <u>Deposit of the work in question</u>

---

[4] At oral argument, United's counsel represented that the declarations were signed, and cited Docket No. 77. The relevant Miranda declaration does not appear there, but rather at Docket No. 70. Notably, that declaration is unsigned.

[5] In fact, Miranda indicated in his deposition that he has not talked to Giacomel, Contromoda's agent, about the source artwork or any other aspect of this case. (Shaw Decl., Ex. B, at 9.) There is nothing to suggest that United has attempted to establish the chain of title beyond Contromoda.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
|---|---|---|---|

| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. |
|---|---|

Even if United could establish a valid assignment of artwork, Defendants contend that United does not have standing because it has not provided any proof of its deposit.[6] See 17 U.S.C. § 408(b)(1) (mandating that a complete copy of the work be deposited with the application); see also 37 C.F.R. § 202.20(b).

At oral argument, United represented that the subject matter is protected by U.S. Copyright No. Vau 714-548. Indeed, paragraph 3 of the unsigned Simantob Declaration provides[7]:

> The design at issue in this case was registered by UNITED with the United States Copyright Office on August 23, 2006, whereby it was assigned U.S. Copyright No. VAu 714-548 ("Subject Design"). I have attached hereto a true and correct copy of the registration certificate for the Subject Design as Exhibit 3.

(Simantob Decl. ¶ 3.) United further represented that it could easily correct the testimonial evidence to support its claim that the subject matter was deposited with the copyright registration. The Court accepts this representation.

Accordingly, the Court does not enter judgment on this ground.

C.    Single work registration

Finally, Defendants contend that United lacks standing because there was not even a valid copyright registration.

The Copyright Act permits both group and single work registration. See Kay

---

[6] Defendants cite E. Mishan & Sons, Inc. v. Marycana, Inc., where the court "assume[d] without deciding that Mary's action may be maintained only to vindicate infringement of its work deposited with the registration." 662 F. Supp. 1339, 1346 (S.D.N.Y. 1987) (citing Nimmer, §§ 7.16[B][1], 7.17[A]).

[7] Once again, United's counsel represented at oral argument that the declarations were signed, and cited Docket No. 77. The relevant Simantob declaration does not appear there, but rather at Docket No. 70, and is unsigned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 08-1085 JVS (AJWx)    Date  August 18, 2009

Title  United Fabrics International, Inc. v. C&J Wear, Inc., et al.

Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 203-06 (3d Cir. 2005). The Court agrees with Defendants that group registrations do not apply here.[8] Thus, as in Kay Berry, the Court considers whether the copyright registration is valid as a single work registration. Id. at 205-06. The Third Circuit in Kay Berry observed that "single work registration requires, in the case of published works,[9] that all of the self-contained works be 'included in a single unit of publication' and share the same copyright claimant." Id. at 205 (citing 37 C.F.R. § 202.3(b)(3)(i)(A)).

Defendants characterize United's copyright registration as an attempt to register a "collective work." (Opp'n Br. 13.) Defendants correctly point out that "the owner of a copyright to a collective work 'is presumed to have acquired only the privilege of reproducing and distributing the contribution as part of that particular collective work' or a revision or later series." (Id., quoting 17 U.S.C. § 201(c).) Because United has, by its own admission, "published" the individual designs separately and not as a collection,[10] Defendants contend that there has been "an invalid division of the copyright, because the separate and individual designs are not part of a true 'collection,' and they are statutorily required to be registered separately." (Id., citing Morris v. Business Concepts, Inc., 259 F.3d 65, 69 (2d Cir. 2001).) Therefore, Defendants contend, "[United's] infringement claim is unenforceable at this time." (Id.)

The issue is whether United's copyright registration was ostensibly for a "collective work." The Copyright Act defines a "collective work" as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions,

---

[8] Exercising the authority delegated by 17 U.S.C. § 408(c)(1), the Register of Copyrights has promulgated rules allowing for group registration for "automated databases," "related serials," "daily newspapers," "contributions to periodicals," "daily newsletters," and "published photographs." 37 C.F.R. §§ 202.3(b)(4)-(9).

[9] The Copyright Act defined "publication" as "the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." 17 U.S.C. § 101.

[10] Shaw Decl., Ex. A, Simantob Dep. 66:24-69:2, 154:1-156:9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
|---|---|---|---|

| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. |
|---|---|

constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101.  Significantly, United does not dispute Defendants' characterization here.  In fact, United does not fully appreciate Defendants' argument, and dismisses the argument out of hand in its reply brief.  (Reply Br. 15.)

Moreover, under Kay Berry, it would not be enough to show that the subject matter was included in a single unit of publication; United must also show that "all of the self-contained works . . . share the same copyright claimant."  421 F.3d at 205.  Here, there is nothing to suggest that all of the works ostensibly covered by  U.S. Copyright No. Vau 714-548 share the same copyright claimant.  To the contrary, the chain of tile for the subject matter is in doubt, and there is at least some evidence to suggest that United did not even "create" the subject matter until 2007, a year after the copyright registration in question.  (Shaw Decl., Ex. B, at 49-52, 54-56.)  Thus, United cannot establish the same claimant for all of the copyrighted works and, in turn, cannot meet the Kay Berry standard.

At oral argument, United contended that a single publication requirement is unworkable for designs because customers come in sporadically, and may or may not be interested in all of the designs in a copyright.  This ignores the fact that United has control over what it publishes, when, and to whom.

Accordingly, because the Defendants' argument is supported by case law and the Copyright Act itself,[11] and because United offers no authority or argument to the

---

[11] The Court observes that the Third Circuit in Kay Berry noted "that registration of a collective work [may be] sufficient to support an action for infringement of the underlying self-contained parts."  421 F.3d at 206 n.2.  But Defendants provide a persuasive explanation:

> It is true that an infringement of any one design in a collection is actionable; however, that principle does not allow the collection to be separated and the designs to be published individually.  In cases where a collection is published as such, a defendant can infringe upon any one of the collective works by separately copying only a portion of the collection, but that is not the case here.

(Opp'n Br. 14 n.9.)  The Court is satisfied with this reasoning,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-1085 JVS (AJWx) | Date | August 18, 2009 |
| Title | United Fabrics International, Inc. v. C&J Wear, Inc., et al. | | |

contrary, the Court finds that United does not have standing to allege copyright infringement of the subject matter, which must be independently registered before this claim can be asserted. Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998) ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright.").

III.     Conclusion

     For the foregoing reasons, the Court DISMISSES the case for want of standing, and DENIES the motion as moot. Even if United could somehow raise a triable issue as to standing, it would preclude the granting of this motion.

     Counsel for defendants' shall prepare, serve and submit, forthwith, a proposed order consistent with this Court's ruling.

|  |  |
|---|---|
|  | 0  :  00 |
| Initials of Preparer | kjt |

---

particularly in light of 17 U.S.C. § 201(c) and Morris, 259 F.3d at 69.